Justice Stevens,
with whom Justice Souter joins,
dissenting.
Our prior cases have drawn a simple categorical distinction between a nonweighing State and a weighing State. In the former, the sole function of an aggravating circumstance finding is to make the defendant eligible for the death penalty. See, e. g., Zant v. Stephens, 462 U. S. 862, 874 (1983) (“[I]n Georgia, the finding of an aggravating circumstance does not play any role in guiding the sentencing body in the exercise of its discretion [to impose the death penalty], apart from its function of narrowing the class of persons convicted of murder who are eligible for the death penalty”). In the latter, such a finding performs a second function — it provides a reason for deciding to impose that sentence on an eligible defendant. See, e. g., Clemons v. Mississippi, 494 U. S. 738, 745 (1990) (“In Mississippi, unlike the Georgia scheme considered in Zant, the finding of aggravating factors is part of the jury’s sentencing determination, and the jury is required to weigh any mitigating factors against, the aggravating circumstances”).
Thus, in a nonweighing State, the finding of four aggravating circumstances has the same legal significance as a finding *226 of three, and invalidation of one is presumptively harmless. See Stringer v. Black, 503 U. S. 222, 232 (1992) (“In a non-weighing State, so long as the sentencing body finds at least one valid aggravating factor, the fact that it also finds an invalid aggravating factor does not infect the formal process of deciding whether death is an appropriate penalty”). By contrast, when a jury is told to weigh aggravating circumstances against mitigating evidence in making its penalty decision, four aggravators presumptively are more weighty than three. See ibid. (“[W]hen the sentencing body is told to weigh an invalid factor in its decision, a reviewing court may not assume it would have made no difference if the thumb had been removed from death’s side of the scale”). For example, when a jury, as here, is incorrectly informed that its finding that a killing was “heinous, atrocious, or cruel” provides a reason for imposing death, see generally Cal. Penal Code Ann. § 190.2(a)(14) (West Supp. 2005), that error may well affect the jury’s deliberations. Having been told to weigh “[t]he circumstances of the crime . .. and the existence of any [aggravating] circumstances found to be true,” § 190.3(a) (West 1999) (emphasis added), the jury may consider its conclusion that the killing was heinous separately from the “circumstances of the crime” underlying that erroneous conclusion, improperly counting the nature of the crime twice in determining whether a sentence of death is warranted. Or the jury, recognizing that the legislature has decided that a “heinous, atrocious, or cruel” murder, without more, can be worthy of the death penalty, may consider this a legislative imprimatur on a decision to impose death and therefore give greater weight to its improper heinousness finding than the circumstances of the crime would otherwise dictate. Under either scenario a weight has been added to death’s side of the scale, and one cannot presume that this weight made no difference to the jury’s ultimate conclusion.
There are, of course, different weighing systems. If a jury is told that only those specific aggravating circum *227 stances making the defendant eligible for the death penalty may provide reasons for imposing that penalty, its consideration of an invalid factor is obviously more prejudicial than if the jury is told that it may also consider all of the circumstances of thé crime. The fact that California sentencing juries may consider these circumstances increases the likelihood that their consideration of a subsequently invalidated aggravating circumstance will be harmless, but it does not take California out of the “weighing State” category.
The majority, however, has decided to convert the weighing/nonweighing distinction from one focused on the role aggravating circumstances play in a jury’s sentencing deliberations to one focused on the evidence the jury may consider during those deliberations. Compare Stringer, 503 U. S., at 229 (explaining that Mississippi is a weighing State because the jury must weigh aggravating circumstances against mitigating evidence in choosing whether to impose the death penalty, while Georgia is a nonweighing State because “aggravating factors as such have no specific function in [that] decision”), with ante, at 220 (“An invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the weighing process unless one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances” (footnote omitted)). But whether an aggravating circumstance finding plays a role in the jury’s decision to impose the death penalty has nothing to do with whether the jury may separately consider “all the ‘circumstances of the crime.’ ”
In this case, if the question had been presented to us, I might well have concluded that the error here was harmless. See generally Brecht v. Abrahamson, 507 U. S. 619, 638 (1993). But the State has merely asked us to decide whether California is a weighing State, see Pet. for Cert, i, and the Court of Appeals correctly decided that the statu *228 tory text has unambiguously answered that question. Cf. § 190.3 (enumerating aggravating and mitigating circumstances and requiring “the trier of fact [to] impose a sentence of death if [it] concludes that the aggravating circumstances outweigh the mitigating circumstances”).
Instead of heeding this plain language, the Court has chosen to modify our settled law, ignoring the dual role played by aggravating circumstances in California’s death penalty regime. Because this decision is more likely to complicate than to clarify our capital sentencing jurisprudence, I respectfully dissent.